## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

VIEQUES CONSERVATION AND
HISTORICAL TRUST, INC., et al

    Plaintiffs

    v.

ANDREW CUOMO, et al.

    Defendants

CIVIL NO. 97-2905 (JAG)
98-2017 (JAG)

## ORDER

Plaintiffs, the Vieques Conservation and Historical Trust ("the Trust") and Carlos Ventura, filed this action on December 24, 1997 for declaratory and injunctive relief under various federal environmental law and regulations. (Docket No. 1). An amended complaint was filed on April 24, 1998. (Docket No. 6). The defendants are: Andrew Cuomo, in his official capacity as Secretary, U.S. Department of Housing and Urban Development ("HUD"); Bruce Babbitt, in his official capacity as Secretary, U.S. Department of the Interior ("DOI"); and, the Mayor of the Municipality of Vieques, Manuela Santiago-Collazo.

Plaintiffs allege that the municipal and federal defendants violated federal environmental laws when issuing permits and initiating the construction of a sports complex facility on the Island of Vieques. Plaintiffs filed a motion for a preliminary injunction on August 4, 1998 (Docket 19), in an effort to: (1) enjoin HUD from funding and overseeing the sports complex facility; (2) enjoin the Municipality of Vieques from constructing the facility; and, (3) prevent the transfer of land from

DOI to the Municipality of Vieques. It appears from the record that the construction came to halt as a result of this litigation. (See Dockets. Nos. 36, 37 and 38).

On August 2, 2000, this case was reassigned to the undersigned Judge. (Docket No. 41). Since that date, the only document that has been filed on behalf of plaintiffs is the questionnaire that was requested by this Court on January 1, 2001, and filed jointly on January 22, 2001 (Docket No. 46)

Given the legal complexity of the issues raised in this case, the fact that both parties have been silent for an extended period of time[1], and in an effort to avoid further delay, the Court will proceed to consolidate the preliminary injunction hearing with a trial on the merits under Fed. R. Civ. P. 65(a)(2). See e.g., Aponte v. Calderon, 284 F.3d 184, 190-91 (1st Cir. 2002). Thus, the Court hereby **DENIES WITHOUT PREJUDICE** plaintiffs' motion for preliminary injunction (Docket No. 19). The consolidated hearing/trial under Fed. R. Civ. P. 65(a)(2) is hereby set for **June 24, 2002 at 9:00 am.** A Trial Scheduling Order will be filed today.

IT IS SO ORDERED.

At San Juan, Puerto Rico, this 30th day of April, 2002.

*FOR:*
JAY A. GARCIA-GREGORY
United States District Judge

---

[1] The parties' inaction might very well be as a result of the cessation of the construction at the sports complex site, and may account for the apparent lack of urgency in this matter.